GRAINGER BROTHERS v. FIRST NATIONAL BANK OF SUTTON.

FILED NOVEMBER 20, 1901. No. 10,486.

Commissioner's opinion, Department No. 3.

1. Appeal: NEW ISSUE: WAIVER. On the trial of a case appealed from justice court, the plaintiff can not complain of the action of the court in admitting competent evidence offered by the defendant in support of a material allegation of the answer on the ground that such allegation presents a new issue not interposed in the justice court, where no objection was made to the answer by motion or otherwise, but plaintiffs joined issue thereon by filing a reply. Plaintiff should have moved to strike from the answer any new issues made in the district court which were not properly pleaded and which he did not wish to try.

2. Garnishment After Execution. Where, in a garnishment proceeding after judgment and return of execution unsatisfied, the garnishee appears and answers and the creditor commences an action against him for the reason that his disclosure is unsatisfactory, the statute contemplates that the creditor shall in his petition state wherein the answer of the garnishee is untrue or insufficient; but where the garnishee appears and refuses to answer, and suit is brought against him in justice court for failure to answer, and the garnishee in such suit answers by general denial only, and appeals to the district court from a judgment entered against him by the justice, and in his answer in the district court on such appeal, admits for the first time his possession of property belonging to the judgment defendant and asserting a mortgage lien against such property, the

plaintiff may, by his reply, put in issue the validity of the mortgage.

3. **Chattel Mortgage:** CONTEST. The validity of a chattel mortgage asserted by a garnishee and under which he has taken possession of the mortgaged property, may be contested by the judgment creditor.

ERROR from the district court for Clay county. Tried below before HASTINGS, J. *Reversed.*

*Frank H. Woods,* for plaintiffs in error.

*Thomas H. Matters, contra.*

Argued orally by counsel for both parties.

DUFFIE, C.

On the 13th of July, 1895, William Griess, a merchant doing business in the town of Sutton, Nebraska, made to the First National Bank a mortgage on his stock of goods. This mortgage was withheld from record until September 5, 1895. Between the dates of the making of the mortgage and its filing for record, Grainger Bros., the plaintiffs in error, sold to Griess groceries to the amount of $183.67, on which there was a balance due of $128.67 at the date of filing the mortgage. September 6, 1895, Grainger Bros. obtained judgment in justice court for the balance due upon their account, and on the following day an execution was issued which was returned wholly unsatisfied for want of goods upon which to levy, and thereupon a summons in garnishment was issued and served upon the defendant in error, which had, on September 5, 1895, filed its mortgage and taken possession of the mortgaged property. On answer day the cashier of the bank appeared, demanded his fees, which were paid, and then refused to make any disclosure relating to property of any kind held by the bank belonging to Griess, but stood mute. September 21, 1895, Grainger Bros. brought an action in justice court against the bank for failure to answer as

garnishee. The bank appeared to the action and for answer filed a general denial. Evidence was offered on behalf of the plaintiffs, but the bank offered no evidence and judgment went against it for the sum of $136.05 and costs taxed at $13.25. From this judgment the bank appealed to the district court. The case was tried to a jury and verdict was returned for the defendant, upon which judgment was entered, from which judgment error is taken to this court.

In its petition filed in the district court, the plaintiffs allege that "at the time the garnishment summons was served upon the said defendant bank, it had in its possession and under its control, property of the said William Griess to the value of $7,000." The answer of the defendant alleges, in substance, that it had possession of a stock of goods belonging to William Griess, but that it had a lien thereon by virtue of its chattel mortgage made to secure an amount due and owing it in excess of the value of such goods. To this answer a reply was filed which need not be further noticed than to state that it alleged facts and circumstances tending to show that the mortgage was fraudulent as to the plaintiff. On the trial plaintiffs objected to any evidence being offered in support of defendant's mortgage or the amount due thereon, for the reason that the only defense made in justice court was a general denial and that other or further defense could not be made in the district court. We discover no error in the ruling of the district court in admitting evidence in support of the answer filed by the defendant. If the answer raised other or different issues than were presented in justice court, the plaintiffs should have moved to strike such issues from the answer. Instead of doing so, they joined issue thereon by filing a reply, and they can not now be heard to object to the trial of an issue which was made without objection on their part. The court refused to receive any evidence tending to show the fraudulent character of the defendant's mortgage; and while the reason for refusing this evidence does not clearly appear from the

record, we understand, from the brief of plaintiffs in error, that the court was of opinion that the fraudulent character of the mortgage should have been alleged in the plaintiff's petition, and could not be raised by the reply.

In the examination of this question it will be observed that the action was originally commenced in justice court by garnishment proceedings instituted against the defendant in error. This was purely a statutory proceeding. Where execution is returned unsatisfied, the judgment creditor may file with the justice of the peace, from which execution issued, an affidavit to the effect that he has good reason to and does believe that any person or corporation (naming them) have property of and are indebted to the judgment debtor, whereupon the justice shall issue summons as in other cases, requiring such person or corporation to appear in court and answer such interrogatories as shall be propounded to him, it or them, touching the goods, chattels, rights and credits of the said judgment debtor in his, its or their possession or control. Code of Civil Procedure, sec. 244. If the garnishee fail to appear and answer, or if he appear and answer and his disclosure is not satisfactory to the plaintiff, the plaintiff may proceed against him by filing a petition in his own name. Code of Civil Procedure, sec. 225.

Whether an action may be maintained against the garnishee who appears and refuses to answer, is not a question in this case. It is probable that where suit is brought against a garnishee for an unsatisfactory answer, the statute contemplates that the petition filed against him should show wherein such answer is unsatisfactory or untrue; and if the bank had answered in this case and disclosed its mortgage claim, alleging it to be a valid lien upon the debtor's property in its possession, the better practice, undoubtedly, would be to require the plaintiffs to state in their petition any objection to the mortgage which they might have. The circumstances of the case, however, take it out of the general rule. The bank refused to make any answer. It is undisputed and

8

undeniable that the bank had possession of a large amount of property belonging to William Griess. The mortgage held by the bank did not give it title to the property, but merely created a lien thereon. The property was still the property of Griess, subject to any valid lien held by the bank. When garnished, the bank refused to answer. When sued, its answer was a general denial on¹ᵗ It did not even then state what claim it made to this property or by what right it was held, and it was only after appealing to the district court that it disclosed its claim and put the plaintiff in possession of the facts. Then for the first time it said to the plaintiffs: "We are in possession of your debtor's property, but we hold it by virtue of a chattel mortgage to secure a debt due from Griess." This was a plea in the nature of a confession and avoidance, and undoubtedly plaintiffs might reply to that, saying that the claim which is now set up to this property is a fraudulent claim. This pretended lien is of no validity as against our demand. The exceptional circumstances surrounding this case, we think, demand that this rule should be applied. The plaintiffs could not anticipate that the defendant would set up a claim to the property under a fraudulent mortgage, if it was fraudulent, even if they knew of the mortgage. One is not bound to proceed upon the theory that his adversary will assert what is not well founded in law and in fact. If the mortgage is in fact fraudulent, the plaintiffs had a right to suppose that it would not be interposed as an obstacle to the collection of their claim, and when it was for the first time interposed in the answer of the defendant filed in the district court, the plaintiffs had a right to avoid the effect of that answer, if they could, by pleading and showing the mortgage to be fraudulent as to them.

It is insisted that by attempting to reach this property by proceedings in garnishment, instead of by a direct levy on the property, the plaintiffs are in no position to challenge the validity of the defendant's mortgage. The rule contended for by the defendant is not applicable to the

circumstances of this case. It is undoubtedly true that one who attempts by garnishment proceedings to reach money due on a fraudulent sale of property made by his debtor can not impeach the sale or challenge the bona fides of the transaction. This is founded upon the well known principle that one can not claim the benefits of a transaction and at the same time repudiate it. One who claims the benefits of a sale can not deny the change of title to the property, any more than one can maintain conversion for his property and then deny title in the defendant. The title to mortgaged chattels, under the holding in this state, does not pass to the mortgagee. The mortgagor is still the owner of the property. The interest of the mortgagee is a lien simply, with the right of possession. If the mortgage is fraudulent as to creditors, the lien of the mortgagee is ineffectual as to them, and they may garnish the mortgagee if in possession, and show that the property is the property of the debtor, unincumbered by any mortgage lien, because of the fraudulent character of the transaction. *Grand Island Banking Co. v. Costello*, 45 Nebr., 119.

We recommend that the judgment of the district court be reversed and the case remanded for a new trial.

Ames and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the case remanded for a new trial.

REVERSED AND REMANDED.